IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAUNTEZ T. HAIRSTON, )
)
        **Plaintiff,** )
)
vs. ) CIVIL NO. 08-cv-362-GPM
)
NICOLE WALKER, *et al.*, )
)
        **Defendant.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for allegedly denying him adequate medical care in violation of the Eighth Amendment. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff alleges that on August 3, 2007, at approximately 8:45 a.m., he threw a cup of water on Defendant Walker as she was handing Plaintiff his medication. About an hour later, Defendant Walker returned with Defendant Rude-Little and Assistant Jail Superintendent McLaurin (not named as a Defendant in this action) to continue distributing medication to other pretrial detainees. Still later that day, Plaintiff states that he received all of his evening medications except for his pain medication. Plaintiff states that he suffers from a tooth problem and, without the medication, he is in "excruciating pain" from that condition. Plaintiff was advised by Defendant Rude-Little that Defendant Walker had discontinued his pain medication. Plaintiff states that Defendant Walker discontinued his pain medication in retaliation for throwing water on her. Plaintiff claims that the discontinuation of his pain medication by Walker - especially for retaliatory reasons (not for valid medical reasons) - constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Plaintiff charges that Defendants Rude-Little and Thomas Knapp are "in cahoots" with Walker. Specifically, Plaintiff asserts that Rude-Little and Knapp refused to investigate or intervene in this matter. As a consequence, Plaintiff claims that he now (and in the future) suffers from "physical pain."

**DISCUSSION**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is

insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Applying these principles, Plaintiff's claim that he is being denied pain medication for his tooth problem by Defendants Walker, Rude-Little, and Knapp, survives review under § 1915A and should not be dismissed at this time.

Plaintiff's claims against Defendants Wexford Health Sources, Inc. and the St. Charles Sheriff's Department, however, should be dismissed pursuant to § 1915A. Under § 1983, Plaintiff may only proceed against defendants who personally participated in a violation of his constitutional rights. "A defendant cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation." *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1979); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). The St. Charles Sheriff's Department is not automatically liable under § 1983 for the alleged wrongdoing of its employees. The doctrine of *respondeat superior* has no applicability in § 1983 cases, and it is well settled that a municipality may not be held vicariously liable under §

1983 for the actions of its employee, unless the employee acted pursuant to a municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff makes no allegation that anyone acted pursuant to an official department policy or custom. Therefore, Plaintiff's allegations are inadequate to bring the St. Charles Sheriff's Department into this § 1983 action.

The same goes for Wexford Health Sources, Inc. The Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case deliberate indifference to Plaintiff's serious medical needs, only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff has not alleged that it was any policy or practice of Wexford Health Source, Inc. to deny medication to him. Therefore, Plaintiff's allegations are inadequate to bring Wexford Health Sources, Inc., into this § 1983 action.

The dismissal of Plaintiff's claims against St. Charles Sheriff's Department and Wexford Health Sources, Inc. count as a "strike" for purposes of 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

Also pending before the Court are Plaintiff's motions to clarify (Docs. 4 and 6). In these motions Plaintiff seeks to clarify that the events forming the basis of the instant complaint are separate and apart from events complained in another suit currently pending before the Court in *Hairston v. McCain*, No. 3:07-cv-687 (S.D. Ill.). Accordingly, Plaitniff's motions to clarify will be **GRANTED.**

DISPOSITION

Plaintiff's claims against Defendants St. Charles Sheriff's Department and Wexford Health

Sources, Inc., are **DISMISSED** with prejudice. This dismissal counts as a "strike" for purposes of § 1915(g).

Plaintiff's motions to clarify (Docs. 4 and 6) are **GRANTED**.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALKER, RUDE-LITTLE, and THOMAS KNAPP**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALKER, RUDE-LITTLE, and THOMAS KNAPP** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 10/20/08

s/*G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge