# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNTEZ T. HAIRSTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-362-GPM ) |
| NICOLE WALKER, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motions to reconsider (Doc. 13), to amend his complaint (Doc. 14), to clarify (Doc. 16), in response to the Court's order referring this case to a Magistrate Judge and dismissing two Defendants (Doc. 17), to amend his complaint (Doc. 20), and to reconsider "strikes" given to him under 28 U.S.C. § 1915(g) (Doc. 24).

### BACKGROUND

Plaintiff filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 alleging that he had been denied adequate medical care in violation of his Eighth Amendment rights. The original complaint named five defendants: Nicole Walker; Jennifer Rude-Little; Wexford Health Sources, Inc. (Wexford); Thomas Knapp; and the St. Clair County Sheriff's Department (Sheriff's Department). After conducting a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff's claims against Defendants Walker, Rude-Little, and Knapp survived threshold review and should not be dismissed.

The Court, however, found that the original complaint failed to state a claim upon which

relief may be granted with respect to Defendants Wexford and Sheriff's Department. Specifically, the Court noted that liability under § 1983 could not be imposed on these two Defendants solely because an employee-employer (or principal- agent) relationship existed between these two Defendants and Walker, Rude-Little, or Knapp because it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 actions.

Without alleging more, such as the existence of a policy or custom of these two Defendants that caused the violation of Plaintiff's rights, the Court found that the original complaint failed to assert a causal connection between these two Defendants and Plaintiff's alleged injuries. Put differently, Defendants Wexford and Sheriff's Department did not have sufficient notice of the nature of Plaintiff's claim against *them*. Because the original complaint failed to allege any facts indicating a causal connection between Plaintiff's alleged injuries and the actions (or inactions) of Defendants Wexford or Sheriff's Department, the Court dismissed the claims against them for failing to state a claim upon which relief may be granted. Additionally, the Court counted the dismissal as a "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g).

**THE MOTIONS**

In his motion for reconsideration (Doc. 13), Plaintiff seeks to undo the dismissal of Defendants Wexford and Sheriff's Department. After filing his motion for reconsideration (Doc. 13), however, Plaintiff has filed motions to amend his complaint (Docs. 14 and 20) and to "explain" how Defendants Wexford and Sheriff's Department are responsible for his injuries (Doc. 17). Finally, Plaintiff seeks an order from this Court to undo the "strike" given to him for filing a claim upon which relief could not be granted (Doc. 24).

## DISCUSSION

**A. Motion to reconsider.**

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). In this case, Plaintiff's motion asks this Court to undo its prior order dismissing Defendants Wexford and Sheriff's Department from this action. Thus, the substance of the motion seeks to alter or amend judgment pursuant to Rule 59(e).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing Plaintiff's claims against Defendants Wexford and Sheriff's Department pursuant to 28 U.S.C. § 1915A was correct. Therefore, Plaintiff's motion for reconsideration (Doc. 13) is **DENIED**.

**B. Motion to clarify.**

In his motion to clarify (Doc. 16), Plaintiff notes that the Court's Memorandum and Order (Doc. 11) dismissed his claims against the "St. Charles County Sheriff's Department," but his civil action was against "St. Clair County Sheriff's Department." Plaintiff is correct. Due to a typographical error, the Court's prior Memorandum and Order erroneously dismissed his claims "St. Charles County Sheriff's Department" (which was not a defendant in this action) when it intended to dismiss his claims against "St. Clair County Sheriff's Department." Accordingly, Plaintiff's motion to clarify (Doc. 16) is granted. The Court's prior Memorandum and Order (Doc. 11) will be amended *nunc pro tunc* to replace "St. Charles County Sheriff's Department" with "St. Clair County Sheriff's Department."

**C. Motions to amend.**

Plaintiff's first motion to amend his complaint (Doc. 14) was filed on October 28, 2008, before any Defendant had filed a responsive pleading. Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, Plaintiff could file this amended complaint "as a matter of course." Therefore, Plaintiff's motion to file his first amended complaint (Doc. 14) will be denied as moot. The Clerk will be directed to file Plaintiff's first proposed amended complaint.

Plaintiff's second motion to amend his complaint (Doc. 20) was filed on December 20, 2007. This second motion was also filed before any Defendant had filed a responsive pleading, but because a prior amendment had already been sought, this amendment can only be made by written consent of the opposing parties or by leave of the Court. *See* Fed. R. Civ. P. 15(a)(2). There is no indication that the Defendants have consented to Plaintiff's second amended complaint. Therefore, the Court would have to grant Plaintiff leave to file his second amended complaint.

With regard to granting leave of court, Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." The Court notes that this action is still in its early stages and no Defendant appears to oppose the second amendment of the complaint by Plaintiff. Plaintiff's proposed second amended complaint is similar to his first - with the addition of a claim against Mearl Justus, Sheriff for St. Clair County, Illinois.[1] Therefore, Plaintiff's second motion to amend his complaint (Doc. 20) will be granted.

Reviewing Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff's claim that Defendant Walker denied him adequate medical care for his tooth problem, and that Defendants Rude-Little, Knapp, and Justus failed to adequately supervise, train, or control Defendant Walker, survive threshold review and should not be dismissed at this time.

**D. Motion in response.**

Plaintiff's motion in response was filed on October 30, 2008, between the date he filed his first motion to amend his complaint (October 28) and the date he filed his second motion to amend his complaint (November 20). The motion in response sought to undo the Court's Memorandum and Order (Doc. 11) by asserting additional facts with regard to Defendants Wexford and Sheriff's Department. Because it asserts additional facts, the Court construes the instant motion as seeking to amend the complaint by interlineation. Amendment by interlineation is not allowed. Furthermore, Plaintiff's second amended complaint replaces and supercedes all prior complaints and amendments. *See Flannery v. Recording Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Because the later filed second amended complaint now applies, Plaintiff's motion in

---

[1] In his second amended complaint, Plaintiff does not seek relief against Defendants Wexford or Sheriff's Department.

response is moot. All the relevant allegations of this action are now set forth in the amended complaint submitted on November 20.

**E. Motion to reconsider "strike."**

Plaintiff seeks to undo the "strike" the Court gave him in connection with the Court's threshold review of the original complaint. A dismissal of a portion of a complaint for failing to assert a claim upon which relief may be granted results in a "strike" for purposes of 28 U.S.C. § 1915(g). *See George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007) (prisoner incurs a strike if any claim is frivolous, malicious, or fails to state a claim upon which relief can be granted); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (same). Because the Court dismissed Plaintiff's claims against Defendants Wexford and Sheriff's Department for failing to state a claim upon which relief can be granted, Plaintiff incurred a "strike" for purposes of § 1915(g). Therefore, Plaintiff's motion to reconsider "strike" (Doc. 24) will be denied.

**DISPOSITION**

Plaintiff's motion to reconsider (Doc. 13) is **DENIED.**

Plaintiff's motion to amend/correct complaint (Doc. 14) is **DENIED**, as moot. Under the circumstances, Plaintiff did not need permission from the Court before filing his first amended complaint. The Clerk is **DIRECTED** to file Plaintiff's first proposed amended complaint in this case.

Plaintiff's motion to clarify (Doc. 16) is **GRANTED**. The Court's Memorandum and Order dated October 21, 2008 (Doc. 11), is amended *nunc pro tunc* to replace "St. Charles County Sheriff's Department" with "St. Clair County Sheriff's Department."

Plaintiff's motion in response (Doc. 17) is **DENIED** as moot.

Plaintiff's motion to amend/correct his complaint (Doc. 20) is **GRANTED**. The Clerk is **DIRECTED** to file Plaintiff's second proposed second amended complaint in this case.

Plaintiff's motion to reconsider the "strike" the Court gave him (Doc. 24) is **DENIED.**

**IT IS SO ORDERED.**

DATED: 01/26/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge