**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHAUNTEZ T. HAIRSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 08-362-GPM |
| ) | |
| NICOLE WALKER, JENNIFER RUDE- ) | |
| LITTLE, WEXFORD HEALTH SOURCES, ) | |
| INC., THOMAS KNAPP, ST. CLAIR ) | |
| COUNTY SHERIFF DEPARTMENT, and ) | |
| MEARL JUSTUS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Shauntez Hairston is a pretrial detainee at the St. Clair County Jail (SCCJ). On August 3, 2007, Defendant Nicole Walker, a Licensed Practical Nurse (LPN) at the SCCJ, handed Hairston pain medications that he had been taking for a tooth ache. While she was at the front of his cell, Hairston threw a liquid substance on Walker.[1] Walker left the cell and reported the incident to her supervisor, Defendant Jennifer Rude-Little. She also reported that she did not see Hairston take his medication. Kellye Zeiger, another LPN, called the prison doctor, Charles Ampadu, who discontinued the pain medication. Dr. Ampadu discontinued the pain medication because, in his medical judgment, a patient inmate who refuses to take pain medication does not need it.

Plaintiff sued Walker, Rude-Little, Thomas Knapp, Wexford Health Sources, Inc. (Wexford),

---

[1] Defendants claim that the substance was diluted urine; Hairston claims that it was water.

and the St. Clair County Sheriff Department (the Sheriff's Department) under 42 U.S.C. § 1983 for violation of his constitutional rights against cruel and unusual punishment. Specifically, he contends that Defendants discontinued his pain medication in retaliation for his conduct in throwing a liquid substance on Defendant Walker. Wexford and the Sheriff's Department were dismissed on threshold review under 28 U.S.C. § 1915A. A second amended complaint added St. Clair County Sheriff Mearl Justus as a defendant. Defendant Walker filed a counterclaim for battery. Defendants Walker, Rude-Little, Knapp, and Justus filed motions for summary judgment on Plaintiff's claims.

The motions for summary judgment came before the Court on August 30, 2010. As stated on the record during the hearing, Defendants Rude-Little, Knapp, and Justus lacked the requisite personal involvement to be liable under § 1983. *See, e.g., McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1979). There simply is nothing in the record to show that they did anything related to this incident that could have violated Plaintiff's rights. Dr. Ampadu's testimony defeats Plaintiff's claim against Defendant Walker. More specifically, Dr. Ampadu – not LPN Walker – discontinued the pain medication based upon his medical judgment. *See generally Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Consequently, Defendants are entitled to summary judgment on Plaintiff's claims, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.[2]

Finally, the Court thanks appointed counsel, John P. Rogers and his associate, Kathryn E. Croce, for their pro bono service in this case. They are **DISCHARGED** as counsel in this matter. Appointed counsel are advised that they may request reimbursement of recoverable out-of-pocket

---

[2]During the hearing, the Court granted Defendant Walker's oral motion to dismiss her counterclaim.

expenses by submitting a completed and itemized "Authorization for Reimbursement" form, which can be found on this Court's website, www.ilsd.uscourts.gov, using the "FORMS & ADMIN ORDERS" link on the drop-down menu on the left side of the home page. Questions regarding the submission of this form may be addressed to the Clerk's Office at (618) 482-9371.

**IT IS SO ORDERED.**

DATED: 08/31/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge